## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ADRIAN FRANCISCO ESPINOZA BELTRAN,

     Petitioner,

v.                                           No. 26-cv-0982-MIS-JMR

WARDEN, Otero County Processing Center, *et al.*,

     Respondents,

### ORDER TO SHOW CAUSE

This matter comes before the Court on Petitioner Adrian Francisco Espinoza Beltran's *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). ECF No. 1. Petitioner seeks a release from immigration detention or a review of the legality of his custody. Because he is currently subject to mandatory detention under 8 U.S.C. § 1231, the Court will require him to show cause, if any, why the Petition should not be dismissed without prejudice to refiling at a later time.

### BACKGROUND

Petitioner is detained at the Otero County Processing Center ("OCPC") in Chaparral, New Mexico. He entered the United States on April 9, 2023, and it appears he was released on parole. *See* ECF No. 1 at 1. Petitioner was detained on or after November 7, 2025, when he visited a police station to retrieve his wife's vehicle. *Id.* The immigration court entered a removal order on February 26, 2026. *See* https://acis.eoir.justice.gov/en/caseInformation (Executive Office for Immigration Review automated case information website, last visited April 2, 2026). There is no record that Petitioner filed an appeal, and it appears the immigration order is now final. *Id; see also Riley v. Bondi*, 606 U.S. 259, 267 (2025) (a removal order is final if the noncitizen does not

appeal within 30 days).

Petitioner filed the instant case on April 1, 2026.   He states he cannot return to his country (Ecuador), and he strong ties to the United States.   *See* ECF No. 1 at 2.   Petitioner asks the Court to review the legality of his detention and order a release due to prolonged detention.   *Id.*

## DISCUSSION

Habeas corpus relief is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).   Courts conduct an initial review of *pro se* habeas petitions to determine whether the claims raise a colorable request for relief.   *See* Habeas Corpus Rules 1, 4. "If it plainly appears from the petition and any attached exhibits that the moving party is not entitled to relief in the district court, the Judge must dismiss the petition."   Habeas Corpus Rule 4(b).   "If the petition is not dismissed, the Judge must order … an answer."   *Id.*

Where, as here, the petitioner is subject to a final order of removal, detention is governed by 8 U.S.C. § 1231.   The Government is expected to secure a noncitizen's removal within 90 days after issuing the removal order.   *See Zadvydas*, 533 U.S. at 682; 8 U.S.C. § 1231(a)(1).   "During the 90-day removal period, … [the noncitizen] must be held in custody."   *Zadvydas*, 533 U.S. at 683 (citing § 1231).   After that, the Government may continue detaining the noncitizen only for as long as is "reasonably necessary" to secure their removal.   *Id.*; *see* 8 U.S.C. § 1231(a)(6).

Because a statute permitting a noncitizen's "indefinite detention" would violate due process, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized."   *Zadvydas*, 533 U.S. at 690, 699.   The Supreme Court determined that a six-month detention period is presumptively reasonable.   *Id.* at 701.   "After this 6-month period, … the

2

Government must respond with evidence sufficient to rebut [th]e showing" that the custody is unconstitutional.  *Id.* at 701.

Petitioner's removal order was entered less than 90 days ago, on February 26, 2026.  No appeal was filed, and it appears that order is final.  Petitioner is therefore subject to mandatory detention under 8 U.S.C. § 1231(a)(1)(A).  Even when the 90-day statutory removal period expires, Petitioner's detention is presumptively reasonable through August 26, 2026.  *See Zadvydas*, 533 U.S. at 701.  Absent further evidence, Petitioner cannot prevail on his claim for prolonged detention or obtain a release.  Petitioner is also not entitled to a bond hearing.  *See Gregorio, v. Warden*, Case No. 2:26-cv-00657-JLT-SKO, 2026 WL 810004, at *2 (E.D. Cal. Mar. 24, 2026) ("Petitioner is … not entitled to a bond hearing because during the 90-day removal period set forth in § 1231(a)(1)(A), his detention is mandatory"); *Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021) ("We conclude that § 1231, not § 1226, governs the detention of [noncitizens] subject to … orders of removal, meaning those [noncitizens] are not entitled to a bond hearing").

To the extent Petitioner intends to challenge the removal order itself, relief is also unavailable.  Congress enacted 8 U.S.C. § 1252, known as the "zipper clause," to limit District Courts' jurisdiction over claims challenging removal orders.  *See Jennings v. Rodriguez*, 583 U.S. 281, 316-17 (2018).  Under the zipper clause, District Courts generally lack jurisdiction over "all questions of law and fact" that arise from a removal order, and "[n]either habeas corpus" nor "any other provision of law" can be used to avoid § 1252(b)(9)'s jurisdictional bar.  *Id.* at 317.

The Court will require Petitioner to file a response showing cause, if any, why the Petition should not be summarily dismissed without prejudice.  The show-cause response is due within twenty (21) days of entry of this Order.  By the same deadline, Petitioner shall file a motion to

proceed *in forma pauperis* or pay the $5.00 filing fee.  If Petitioner declines to timely comply with this Order, the Court will dismiss the case without prejudice.  Petitioner will be permitted to refile the claims, if his detention exceeds the six-month period under *Zadvydas*.

**IT IS ORDERED** that within twenty-one (21) days of entry of this Order, Petitioner: (1) shall file a show-cause response, as set forth above; and (2) pay the $5.00 filing fee or file a motion to proceed *in forma pauperis*.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE